RHEUBOTTOM and another *v.* LOOMER and others.[1]

*(Circuit Court, D. Connecticut. March 5, 1886.)*

PATENTS FOR INVENTIONS—PRIOR USE.
    It was clearly proven in this case that the devices covered by patent No. 105,124, granted to Charles E. Pratt and others, July 5, 1870, for an improvement in hoop-skirts, had been manufactured and sold by others in 1863 or 1864, and hence the bill was dismissed.

In Equity.
*J. E. Hindon Hyde* and *Frederic H. Betts*, for plaintiffs.
*William B. Wooster*, for defendants.

SHIPMAN, J. This is a bill in equity to restrain the alleged infringement of letters patent No. 105,124, granted to Charles E. Pratt and others, July 5, 1870, for an improvement in hoop-skirts. The patent is now owned by the complainants. The inventor says in the specification of the patent that the invention consisted "in the employment of one or more bracing hoops attached to the back near the top, and springing around to the front, and downward to a point about the height of the knees of the wearer, as hereinafter described, in substitution of a large number of the concentric hoops, which, by this improvement, may be omitted from a short distance below the waist to the lower portion of the skirt," and thus either the necessity of sitting upon them, or of their throwing up the front part of the dress, when the wearer sits down, may be avoided. The only defense is want of novelty.

It is clearly proved that, during a period of about three months, in the year 1863 or 1864, the firm of W. E. Burlock & Co., of Birmingham, Connecticut, made and sold from 50 dozen to 100 dozen hoop-

---

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

skirts containing the patented improvement, and that in the year 1865 Townsend, Lattin & Co., of Bridgeport, Connecticut, made and sold a few such skirts. John R. Lattin was the superintendent of the factory of each of these firms, and was a member of Townsend, Lattin & Co. His testimony, and that of six other witnesses, in regard to the manufacture by W. E. Burlock & Co. established the fact beyond reasonable doubt that that firm made and sold these skirts for a few months in one of the years named. The testimony in opposition seems to me to be feeble. The manufacture by Townsend, Lattin & Co. was very small, but undoubtedly existed. It is also proved that S. A. Downs & Co., also of Birmingham, made and sold such skirts is 1864, and that Robert May, the successor of said firm, continued to make and sell the same article for a few years after 1865.

Considerable testimony was introduced by the defendants in regard to the manufacture and sale of these skirts, from 1862 to 1866, by Downs & Bassett, also of Birmingham. As the witnesses may have confounded the skirt in question with another which they made, and which was known as the "Eureka," and as the opposing testimony for the plaintiffs is stronger than it is in regard to the sales by the other firms, I make no finding on the subject of the manufacture by Downs & Bassett.

The bill is dismissed.